**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:20-CR-00102-JCB** |
| **v.** § | |
| § | |
| § | |
| **LABRYSON MARQUIS ORANGE** § | |
| § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On December 18, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Labryson Marquis Orange. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 12 and criminal history category of VI, was 30 to 37 months. Pursuant to a downward departure, on January 24, 2023, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 24 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and acquiring a high school equivalency certificate. On January 12, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

On July 31, 2024, the terms of supervision were modified to include the special condition that Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until he was discharged. The probation officer, in consultation with the treatment provider, would supervise Defendant's participation in the program and Defendant had to pay any cost associated with treatment and testing.

Under the terms of supervised release, Defendant was required to participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. In its petition, the government alleges that Defendant violated his conditions of supervised release on two occasions. First, on October 17, 2024, when Defendant failed to submit a drug test as directed. Second, on September 18 and October 18, 2024, when Defendant failed to attend substance abuse counseling as directed.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to submit a drug test and attending substance abuse treatment as directed, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 13 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 13 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Pollock, Louisiana and that Defendant receives drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of December, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE